UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INDIANAPOLIS FRUIT CO.,

        CASE NO. 10-14070
    Plaintiff,        HON. LAWRENCE P. ZATKOFF

v.

LOCAVORE FOOD DISTRIBUTORS, INC.,
and ERIC HAHN

    Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on December 6, 2011.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This Opinion and Order constitutes the findings of fact and conclusions of law of the Court following a bench trial in this matter. For the reasons set forth below, the Court concludes that Plaintiff has satisfied its burden of proof in this matter. The Court awards Judgment in favor of Plaintiff and against Defendants.

## II. BACKGROUND

Plaintiff Indianapolis Fruit Company filed a three-count Complaint, asserting that Defendants owe Plaintiff for unpaid fresh fruit and vegetables ("Produce") shipped to Defendants. Plaintiff seeks the unpaid balance plus interest and attorneys' fees under the Perishable Agricultural

Commodities Act ("PACA"), 7 U.S.C § 499a, *et seq.* Specifically, Count I seeks enforcement of the PACA trust, Count II asserts a breach of contract, and Count III asserts a breach of the fiduciary duties to the PACA trust beneficiaries with respect to Defendant Eric Hahn ("Defendant Hahn"). Plaintiff alleges that it sold Produce to Defendant Locavore Food Distributors, Inc. ("Defendant Locavore") and that Defendant Locavore accepted the Produce. According to Plaintiff, Defendant Locavore failed to pay Plaintiff for all Produce delivered between March 3, 2010, and June 7, 2010.

On September 20, 2011, the Court addressed Plaintiff's Motion for Summary Judgment. The Court denied Plaintiff's motion, leaving two remaining issues for trial: (1) the amount of unpaid Produce that Defendant Locavore owed to Plaintiff and (2) if Defendant Locavore was found liable for an unpaid balance to Plaintiff, whether Defendant Hahn would be held personally liable.

On November 30, 2011, the Court conducted a one day bench trial on these issues. While Plaintiff appeared at trial represented by counsel, Defendant Locavore had no legal representation and Defendant Hahn appeared *pro se*.[1] Prior to trial, Plaintiff and Defendant Hahn each submitted a joint final pretrial order and trial briefs. Plaintiff's brief contained proposed findings of fact and conclusions of law.

### III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

At trial, Plaintiff called two witnesses: Beth Mouzin and Defendant Hahn. Defendant Hahn cross-examined Mouzin but called no witnesses of his own. In addition, both parties introduced

---

[1] On September 21, 2011, the Court permitted counsel for Defendants to withdraw representation. Neither Defendants retained new counsel for the remainder of this matter. Additionally, because Defendant Locavore is an incorporated entity, Defendant Hahn was not permitted to represent Defendant Locavore.

exhibits for the Court's consideration.[2] As to the credibility of the witnesses, the Court was guided by the appearance and conduct of the witnesses, by the manner in which they testified, and by the character of the testimony given. The Court had an opportunity to view the witnesses' reactions to questions, their hand and eye movement, and their facial expressions. Additionally, the Court considered the witnesses' intelligence, motive, state of mind, demeanor, and manner while testifying. The Court also considered each witnesses' ability to observe the facts to which he or she testified and whether the witness appeared to have an accurate recollection of the relevant circumstances.

**A. FINDINGS OF FACT**

The Court finds the following, based upon the witnesses' testimony, the facts stipulated to by the parties, the facts already determined by the Court, and the evidence submitted at trial.

Plaintiff is in the business of selling fresh fruits and vegetables, *i.e.*, Produce, in wholesale and jobbing quantities. Plaintiff operates under a valid PACA license. Its Produce consists of fresh fruits and vegetables that are subject to the provisions of PACA. Plaintiff sold such Produce to Defendant Locavore. Defendant Locavore is a Michigan business that supplies Produce to schools, including Detroit Public Schools. In early 2010, Defendant Locavore entered into a contract with Detroit Public Schools to provide Produce for Detroit Public Schools' lunch programs. Pursuant to their contractual arrangement, Defendant Locavore would provide Detroit Public Schools with Produce that included the Produce Plaintiff shipped to Defendant Locavore. As to Defendant Hahn,

---

[2]Plaintiff's exhibits were admitted into evidence based on a stipulation between the parties. While Defendant Hahn's exhibits were not formally admitted into evidence, as a *pro se* defendant, the Court reviewed Defendant Hahn's exhibits. The Court does not find that Defendant Hahn's exhibits, had they been admitted in to evidence, change the outcome of this matter.

he owns all of the shares of Defendant Locavore, is the President of Defendant Locavore, and directs the operations of Defendant Locavore.

Each sale of Produce to Defendant Locavore was pursuant to a separate invoice that Plaintiff issued for each shipment. Each of Plaintiff's invoices specify the location where the Produce was shipped, the Produce contained in the shipment, the invoice total, the statutory language required by PACA stating that the Produce listed on the invoice is subject to a PACA trust, language stating that the buyer agrees that all past due balances are subject to interest at a rate of 1.5% per month (18% per annum), and language that the buyer agrees to pay all costs of collection, including attorneys' fees, and that such costs are sums in connection with the produce transactions.

Defendant Locavore received Produce at its location in Detroit, Michigan, from March 3, 2010, to June 7, 2010. Defendant Locavore neither obtained a United States Department of Agriculture inspection on any of the Produce nor properly refused or rejected any shipment of Produce except for an amount of Produce that Plaintiff credited to Defendant Locavore's account. Plaintiff shipped the Produce by truck; upon arrival, Defendant Locavore's employees unloaded the Produce. The relationship between Defendant Locavore and Plaintiff resulted in 26 invoices, totaling $60,753.19 in Produce received by Defendant Locavore.

Defendant Locavore partially paid Plaintiff the balance owed in a series of checks. Three of Defendant Locavore's checks—check nos. 1267, 1467, and 1426—were returned to Plaintiff for insufficient funds. Plaintiff incurred $90 in bank fees due to the returned checks. Check no. 1426, however, was deposited a second time by Plaintiff and paid. Including check no. 1426, Defendant Locavore paid a total amount of $32,857.48 against the total invoiced amount of Produce sold by Plaintiff.

Plaintiff also credited Defendant Locavore for five shipments of Produce that were bruised or defective. As indicated on invoice nos. 174805 (credit of $704.75), 175024 (credit of $42.25), 182808 (credit of $2,190.89), 182810 (credit of $682.82), and 182806 (credit of $192.50), the total amount of credits equals $3,813.21.

Including the total amount Defendant Locavore paid ($32,857.48) and the total amount of credits ($3,813.21), Defendant Locavore's outstanding balance for Produce it received is $24,082.50 ($60,753.19-($32,857.48+$3,813.21)). Including the $90 in bank fees Plaintiff incurred, Defendant Locavore's total outstanding balance is $24,172.50.

At trial, Plaintiff's accountant and records keeper, Beth Mouzin, testified regarding Defendant Locavore's account history with Plaintiff. Mouzin testified that neither Defendant Locavore nor Defendant Hahn have paid the outstanding balance. Mouzin also described the information contained within Plaintiff's invoices and the general invoicing and shipping arrangements of Plaintiff. Defendant Hahn also testified at trial. He testified that as of October 1, 2010, Defendant Locavore is out of business and has no remaining assets to pay the outstanding balance.

**B. CONCLUSIONS OF LAW**

Having determined the relevant facts in this matter, the Court finds in favor of Plaintiff on each of its claims against Defendants as stated below.

*1. Count I: Enforcement of the PACA trust*

Plaintiff's claim is brought against Defendant Locavore pursuant to PACA. PACA provides civil liabilities to Produce sellers against buyers who fail to make full payment on purchased Produce. 7 U.S.C. § 499e(a). Specifically, PACA provides:

5

> [Produce] . . . and all inventories of food or other products derived from [Produce], and any receivables or proceeds from the sale of such [Produce], shall be held by such . . . dealer[] or broker *in trust for the benefit* of all unpaid suppliers or sellers . . . *until full payment of the sums owing* in connection with such transactions has been received by such unpaid suppliers, sellers, or agents.

7 U.S.C. § 499e(c)(2) (emphasis added); *See Overton Distribs. v. Heritage Bank*, 340 F.3d 361, 364–65 (6th Cir. 2003). The trust becomes effective at the time a Produce buyer first begins accepting shipments of Produce from a Produce seller and continues until the Produce seller has been paid. 7 U.S.C. § 499e(c). The Produce buyer, as trustee, holds its Produce-related assets in trust as a fiduciary until full payment is made to the unpaid Produce seller, *i.e.*, the trust beneficiary. *Id.* A Produce buyer's unpaid obligation "becomes a trust obligation . . . , prior to and superior to any lien or security interest in inventory held by the [buyer's] secured lender." *Sanzone-Palmisano Co. v. M. Seaman Enters., Inc.*, 986 F.2d 1010, 1012 (6th Cir. 1993) (quoting *In re Prange Foods, Corp.*, 63 Bankr. 211, 214 (Bankr. W.D. Mich. 1986).

As the Court has previously determined in its Opinion and Order entered on September 20, 2011, addressing Plaintiff's Motion for Summary Judgment, Plaintiff is a beneficiary of a PACA trust and Defendant Locavore is a "dealer" as that term is defined under PACA. Defendant Locavore had a duty to hold in trust for the benefit of Plaintiff the unpaid amount owing on the Produce. Based on the factual findings of the Court, Defendant Locavore owes an outstanding balance of $24,172.50 on the Produce supplied by Plaintiff. Defendant Locavore also owes Plaintiff for all of the interest and attorneys' fees and costs expended on collecting this amount pursuant to the terms included on the invoices. *See Coosemans Specialties, Inc. v. Gargiulo*, 485 F.3d 701, 709 (2d Cir. N.Y. 2007) ("[W]here the parties' contracts include a right to attorneys' fees, they can be

6

awarded as "sums owing in connection with" perishable commodities transactions under PACA.) (citations omitted); *Middle Mt. Land & Produce, Inc. v. Sound Commodities, Inc.*, 307 F.3d 1220, 1222 (9th Cir. Wash. 2002) (same).

Accordingly, the Court finds in favor of Plaintiff on Count I of its Complaint and concludes that Defendant Locavore must pay Plaintiff, as beneficiary of the PACA trust, an amount of the PACA trust *res* equal to the sum of $24,172.50, plus the interest and attorneys' fees and costs expended on collecting this amount pursuant to the terms stated on the invoices.

### *2. Count II: Breach of Contract*

In order to prove a breach of contract under Michigan law, a plaintiff must prove: (1) a valid contract, (2) contract terms, (3) a breach of one or more of those terms, and (4) that such breach caused an injury to the plaintiff. *Timmis v. Suzler Intermedics, Inc.*, 157 F. Supp. 2d. 775, 777 (E.D. Mich. 2001) (citing *Webster v. Edward D. Jones & Co., L.P.*, 197 F.3d 815, 819 (6th Cir. 1999)).

Based on the factual findings, Plaintiff has shown that its invoices are valid contracts entered into between Plaintiff and Defendant Locavore. The terms expressed in those invoices include payment of the Produce listed, the invoice total, language stating that the buyer agrees that all past due balances are subject to interest at a rate of 1.5% per month (18% per annum), and language that the buyer agrees to pay all costs of collection, including attorneys' fees, and that such costs are sums in connection with the produce transactions. Defendant Locavore breached the invoice terms by failing to make timely payment of the invoiced balances owing. As determined by the Court's findings, Defendant Locavore owes an outstanding balance of $24,172.50 on the Produce supplied by Plaintiff. Thus, Plaintiff was injured by Defendant Locavore's breach of the invoices in an

amount equal to the outstanding balance of $24,172.50. Pursuant to the invoices, Defendant Locavore is liable for this outstanding balance, plus interest at a rate of 1.5% per month (18% per annum) on all past due balances, and all costs of collection, including attorney's fees. Accordingly, the Court finds in favor of Plaintiff as to Count II against Defendant Locavore.

### 3. Count III: Defendant Hahn's Individual Liability

Plaintiff also asserts that Defendant Hahn is a trustee of the PACA trust, and, as trustee, should be held liable for the balance remaining on Defendant Locavore's account. With respect to individual liability under PACA, "an individual is liable for his own acts, omissions, or failures while acting for or employed by any other dealer." *Sunkist Growers, Inc. v. Fisher,* 104 F.3d 280, 282–83 (9th Cir. 1997) (quoting *Frio Ice v. Sunfruit, Inc.*, 724 F. Supp. 1373, 1381–82 (S.D. Fla. 1989)). A court determining the liability of an individual associated with a corporate defendant may look at "the closely-held nature of the corporation, the individual's active management role and any evidence of the individual's acting for the corporation." *Id.*

> An individual who is in the position to control the trust assets and who does not preserve them for the beneficiaries has breached a fiduciary duty, and is personally liable for that tortious act. . . . [A] PACA trust in effect imposes liability on a trustee, whether a corporation or a controlling person of that corporation, who uses the trust assets for any purpose other than repayment of the supplier.

*Morris Okun, Inc. v. Harry Zimmerman, Inc.*, 814 F. Supp. 346, 348 (S.D. N.Y. 1993). Even if the individual associated with a corporate defendant is found liable, PACA liability attaches first to the corporate defendant. *Shepard v. K.B. Fruit & Vegetable, Inc.*, 868 F. Supp. 703, 706 (E.D. Pa. 1994). If the corporate defendant's assets are "insufficient to satisfy the liability, others may be found secondarily liable if they had some role in causing the corporate trustee to commit the breach of trust." *Id.*

Applying these legal principles to this matter, Defendant Hahn is personally liable for the amount owed to Plaintiff under the PACA trust if he was in a position to control the trust assets and Defendant Locavore is unable to pay any judgment entered against it.

The Court finds that Defendant Hahn was in a position to control the trust assets. Based on this Court's findings of fact, Defendant Hahn owns all of the shares of Defendant Locavore, is the President of Defendant Locavore, and directed the day-to-day operations of Defendant Locavore. Defendant Hahn also is involved in the financial affairs of Defendant Locavore, including signing checks, signing a personal guaranty for a corporate loan made to Defendant Locavore, possessing the authority to make payments on invoices received on Produce, and contacting Plaintiff's employees with respect to Defendant Locavore's account. Thus, Defendant Hahn is an individual who was in the position to control the PACA trust assets and is a PACA trustee.

As a PACA trustee, Defendant Hahn was charged with the duty to safeguard the PACA trust assets and maintain the trust in such a manner as to ensure there are sufficient assets to satisfy all PACA trust obligations, such as that owed to Plaintiff. 7 U.S.C. §§ 499a(b)(9), 499e(c)(2). Defendant Hahn breached this duty when the PACA trust assets were not used to pay Plaintiff for the unpaid Produce. *See Morris Okun, Inc.,* 814 F. Supp. at 348.

The Court further finds that Defendant Hahn is personally liable for breaching his duty to maintain the PACA trust assets because Defendant Locavore is insovlent. While liability attaches first to Defendant Locavore, *see Shepard*, 868 F. Supp. at 706, Defendant Hahn testified at trial that Defendant Locavore was no longer a viable business and had no remaining assets as of October 1, 2010. He further testified that Defendant Locavore would be unable to pay Plaintiff any judgment that may be entered against Defendant Locavore.

9

At trial, Defendant Hahn argued that he should not be held liable for the amount owed to Plaintiff because Defendant Locavore sold the Produce received from Plaintiff at a loss to Detroit Public Schools. The Court finds that Defendant Hahn's argument is unsupported by controlling law and irrelevant to the dispute between Plaintiff and Defendants in this matter.

Whether Defendant Hahn's contractual arrangement with Detroit Public Schools was profitable is irrelevant to his duty to safeguard the PACA trust in the benefit of Plaintiff. Detroit Public Schools was not in a contractual arrangement with Plaintiff. Rather, Plaintiff sold the Produce to Defendant Locavore. Defendant Locavore then supplied its customers with Produce pursuant to contracts not related to this matter, including Detroit Public Schools. Defendant Locavore's other contractual arrangements with non-parties are irrelevant. The focus of this matter is the contractual arrangement between Plaintiff and Defendant Locavore. According to that arrangement, Plaintiff supplied produce to Defendant Locavore; in return, Defendant Locavore was obligated to pay Plaintiff. Defendant Locavore failed to uphold its obligations.

Defendant Hahn also argued at trial that the outstanding balance owed by Defendant Locavore is incorrect because the unit price for a specific Produce would change from one invoice to the next. While the Court acknowledges that the unit price for certain Produce changed from one invoice to the next, the Court finds Defendant Hahn's argument fatally flawed. Defendants accepted delivery of the Produce fully aware of the unit price expressed on each invoice. According to the testimony of Mouzin, Plaintiff's driver would deliver the Produce and the invoice to Defendants at the same time. Each invoice included the unit price charged for each type of Produce. There is no evidence that Defendants properly rejected any Produce or refused delivery of any Produce based on the stated unit price on the invoice. Rather, Defendants accepted the Produce knowing the

specific unit price as stated on the invoice.  Therefore, the Court finds that the outstanding balance of $24,172.50, as previously determined, is correct.

Thus, the Court concludes that Defendant Locavore has insufficient assets to satisfy the amount owed to Plaintiff.  The Court further concludes that Defendant Hahn is secondarily liable for the amount owed to Plaintiff because he was in a position to control the trust assets and failed to preserve them for Plaintiff.  *See Morris Okun, Inc.*, 814 F. Supp. at 348 ("An individual who is in the position to control the trust assets and who does not preserve them for the beneficiaries has breached a fiduciary duty, and is personally liable for that tortious act").  As such, the Court finds in favor of Plaintiff as to Count III.

## IV.  CONCLUSION

For the above reasons, and upon reviewing all of the evidence, and observing the witnesses at trial, the Court HEREBY ORDERS that Judgment is entered for Plaintiff against Defendants in the amount of $24,172.50, plus interest at a rate of 1.5% per month (18% per annum) on all past due balances, and all costs of collection, including attorney's fees.

IT IS FURTHER ORDERED that Plaintiff is permitted 14 days to submit documentation establishing the interest on the unpaid balance and Plaintiff's collection costs, including attorneys' fees.  After the Court reviews such documentation, the additional amounts will be made part of the Judgment.

IT IS SO ORDERED.

        s/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated: December 6, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 6, 2011.

        s/Marie E. Verlinde
        Case Manager
        (810) 984-3290