UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INDIANAPOLIS FRUIT COMPANY,

    Plaintiff,

v.

Case No. 10-14070
Hon. Lawrence P. Zatkoff

LOCAVORE FOOD DISTRIBUTORS, INC.
and ERIC HAHN,

    Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February 22, 2012.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Plaintiff's motion for attorneys' fees and costs [dkt 38]. No responsive pleading has been filed and the time do so has elapsed. E.D. Mich. L.R. 7.1(e)(2). The Court finds that the facts and legal arguments are adequately presented in Plaintiff's motion and brief such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the brief submitted. For the following reasons, Plaintiff's motion for attorneys' fees and costs is GRANTED.

**II.  BACKGROUND**

Plaintiff filed this case asserting that Defendants owe Plaintiff for an unpaid balance on fresh fruit and vegetables ("Produce") delivered to Defendants under the Perishable Agricultural

Commodities Act ("PACA"), 7 U.S.C § 499a, *et seq.* Plaintiff also sought the interest on the unpaid balance and collection costs (attorneys' fees and costs) as stated on the invoices used by Plaintiff in selling its Produce to Defendants. On November 30, 2011, the Court conducted a one-day bench trial on the remaining issues of liability. On December 6, 2011, the Court entered its written Opinion and Order and Judgment, finding in favor of Plaintiff. In the Opinion and Order, the Court found that Defendants owed Plaintiff an outstanding balance of $24,172.50 on the Produce supplied by Plaintiff to Defendants. The Court further found Defendants liable for all of the interest and attorneys' fees and costs expended on collecting the outstanding balance pursuant to the terms included on the Produce invoices. The Court permitted Plaintiff 14 days to submit documentation establishing the interest on the unpaid balance and Plaintiff's attorneys' fees and costs. The Court advised the parties that once the Court reviewed such documentation, the additional amounts would be made part of the Judgment. The Judgment entered the same day was consistent with the Court's findings.

Plaintiff timely filed the instant motion for attorneys' fees and costs. Plaintiff is represented by David A. Adelman of Adelman Law Offices, P.C., located in Schaumburg, Illinois. Attorney Adelman sought assistance from local counsel at Jaffe, Raitt, Heur, & Weiss. Attorney Adelman has submitted the following documentation supporting Plaintiff's motion:

(1) His Declaration indicating his work experience, his hourly billable rate, local counsel's hourly billable rates, the total request for attorneys' fees and costs of $31,151.70, and the interest outstanding on the unpaid Produce invoices of $7,567.40 (calculated at 1.5% per month on the current balance of $24,172.50).

2

(2)	Invoices detailing his and local counsel's time expended and the costs incurred on this case.

### III. ANALYSIS

As the Court previously indicated, the Judgment entered in this case entitled Plaintiff to "[t]he amount of interest at a rate of 1.5% per month (18% per annum) on all past due balances and all costs of collection, including attorney's fees," along with the outstanding Produce balance of $24,172.50. This award was based on PACA and the terms included on the Produce invoices used by Plaintiff and Defendants. *See Coosemans Specialties, Inc. v. Gargiulo*, 485 F.3d 701, 709 (2d Cir. 2007) ("[W]here the parties' contracts include a right to attorneys' fees, they can be awarded as 'sums owing in connection with' perishable commodities transactions under PACA.") (citations omitted); *Middle Mt. Land & Produce, Inc. v. Sound Commodities, Inc.*, 307 F.3d 1220, 1222 (9th Cir. 2002) (same). The Court now must determine the correct amount of interest and attorneys' fees and costs to be added to the Judgment.

As to attorneys' fees and costs, Attorney Adelman has been licensed as a practicing attorney for over 19 years and has spent the last 10 years handling claims brought under PACA. Attorney Adelman billed at an hourly rate of $200. Local counsels' hourly rate ranged from $215 to $260, except for 1.1 hours billed at $350 per hour. Based on the Court's review of the invoices, Attorney Adelman exerted 118.3 hours in resolving this case in favor of his client, and local counsel expended 30.8 hours in assisting Attorney Adelman. The total request for attorneys' fees and costs amounts to $31,151.70.

The Court finds that Plaintiff has adequately supported its request for attorney fees and costs in the amount of $31,151.70. The Court finds the hourly rates charged, the hours

expended, and the costs incurred reasonable. This case was filed in October of 2010, involving a unique area of federal law—PACA trusts. The case concluded over a year later in December of 2011 after a one-day bench trial. During the pendency of this case, the parties' motion practice included a dispositive motion and a motion to compel the production of documents. Prior to trial, Defendants' counsel withdrew on September 12, 2011, and Defendants proceeded without representation. Plaintiff's counsel then interacted directly with the individual *pro se* defendant (Defendant Eric Hahn) to prepare the necessary filings before the case went to trial. Throughout this case, Plaintiff's counsel has exhibited an understanding of the unique nature of PACA, command of effective motion practice, and demonstrated competent trial skills.

Furthermore, the costs invoiced as a result of this case are reasonable. The costs include court filing fees, service of process fees, mailing expenses, and travel expenses for appearances before the Court. Therefore, for the reasons discussed, Plaintiff is entitled to $31,151.70 in attorney fees and costs as a result of pursuing Defendants for the outstanding Produce balance.

As to Plaintiff's request for interest on the unpaid balance, the Court agrees that Plaintiff is entitled to $7,567.40 for interest accrued on the outstanding balance of $24,172.50. Based on the record, Defendants have accrued interest on eight invoices that range from 541 to 563 days overdue. The invoices that the parties used to transact business entitled Plaintiff to interest at a rate of 1.5% per month (18% per annum) on all past due balances. Based on a review of Plaintiff's documentation, the Court finds that Plaintiff is entitled to $7,567.40 in interest.

For the above reasons, Plaintiff is entitled to an amended judgment against Defendants for $7,567.40 in interest on the outstanding Produce balance, attorneys' fees and costs of $31,151.70, and $24,172.50 for the outstanding Produce balance.

## IV.  CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that Plaintiffs' motion for attorneys' fees and costs [dkt 38] is GRANTED, and Plaintiff is awarded reasonable attorneys' fees and costs of $31,151.70, along with $7,567.40 in interest on the outstanding balance.

IT IS FURTHER ORDERED that an amended Judgment will enter consistent with this Opinion and Order.

IT IS SO ORDERED.

          S/Lawrence P. Zatkoff
          LAWRENCE P. ZATKOFF
          UNITED STATES DISTRICT JUDGE

Dated:  February 22, 2012

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 22, 2012.

          S/Marie E. Verlinde
          Case Manager
          (810) 984-3290